UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0367-B-84 |
| | § | |
| JAMIE LYNN TUCKER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Jamie Lynn Tucker's motion for compassionate release (Doc. 3455). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

### I.

### BACKGROUND

On September 15, 2016, the Court sentenced Tucker to 180 months of imprisonment and three years of supervised release after he pleaded guilty to possession of a controlled substance with intent to distribute and aiding and abetting. Doc. 2929, J., 1–3. Tucker is currently fifty-four years old and is confined at Seagoville Federal Correctional Institution (FCI) with a statutory release date of August 18, 2028.[1] As of March 15, 2021, Seagoville FCI has four active cases and 1220 recovered cases of COVID-19 among its inmates.[2] Tucker filed a motion for compassionate release (Doc. 3455)

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/ (last accessed March 15, 2021).

[2] The BOP's COVID-19 statistics are available at https://www.bop.gov/coronavirus/ (last accessed March 15, 2021).

-1-

on February 19, 2021. The Court reviews Tucker's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

As explained below, Tucker's request for compassionate release fails because he has not demonstrated extraordinary and compelling reasons for a sentence reduction and because the § 3553(a) factors weigh against his release.

A.   *Tucker Exhausted His Administrative Remedies.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

In support of his motion, Tucker provides a copy of a letter from the warden dated September 2, 2020, denying Tucker's request for compassionate release. Doc. 3455, Def.'s Mot., 34. Therefore, the Court finds that more than thirty days have lapsed between the warden's receipt of Tucker's request for compassionate release and the filing of his motion. Thus, Tucker has satisfied the exhaustion requirement under § 3582. *See Ezukanma*, 2020 WL 4569067, at *2–5. Having determined that Tucker satisfied the exhaustion requirement, the Court turns to the merits of his compassionate-release motion.

B.   *Tucker Has Not Shown Extraordinary and Compelling Reasons for Compassionate Release.*

Even though Tucker has exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A)(i). The policy statement applicable here—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, —F. Supp. 3d—, 2020 WL 1540325, at *1 (S.D. Tex. 2020) (citing § 1B1.13(1)(A) cmt. n.1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) cmt. n.1.[4]

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that

---

[3] The Court has clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concludes that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with" the three circumstances set forth above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. n.1(D). Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

§ 1B1.13 is not binding. *See United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019).[5] These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11).

The Court does the same here. Tucker asserts that compassionate release is warranted for two reasons. First, he states that his spouse "has been diagnosed with Stage IV Breast Cancer that has now [metastasized] throughout her major organs[.]" Doc. 3455, Def.'s Mot., 6. He claims that his release is necessary so that he may "act as [the] primary caregiver" for her and for his minor children. *Id.* Second, he asserts that "his own medical and vulnerability conditions" warrant compassionate release. *Id.* Upon review, the Court finds that Tucker has not demonstrated extraordinary and compelling circumstances warranting compassionate release.

The Court first addresses Tucker's argument that release is warranted so that he may care for his spouse and his children. Tucker provides medical records to show that his spouse has indeed been diagnosed with breast cancer and multiple metastases. *Id.* at 24. And while the Court does not discount the severity of her diagnosis and its impact on her, Tucker, and their children, her diagnosis does not constitute an extraordinary and compelling reason for release by itself. A court may find extraordinary and compelling reasons for release upon "[t]he death or incapacitation of the caregiver of the defendant's . . . minor children" or "[t]he incapacitation of the defendant's spouse . . . when

---

[5] Additionally, the Fifth Circuit recently noted that the commentary of § 1B1.13 is "not dispositive" but "guid[ing]." *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam).

-4-

the defendant would be the only available caregiver for the spouse[.]" *See* § 1B1.13(1)(A) cmt. n.1. "However, courts consider whether . . . a person other than the defendant is available to serve as a caretaker of a minor or incapacitated family member." *United States v. Reeves*, 2020 WL 5094825, at *3 (N.D. Tex., Aug. 28, 2020) (quotation marks and citation omitted). Absent evidence that Tucker is the only available caregiver of his spouse or that his spouse is the only available caregiver of his children, the Court cannot determine whether Tucker's family circumstances give rise to extraordinary and compelling reasons for his release. *See United States v. Thomas*, 2020 WL 6737872, at *3 (N.D. Tex. Nov. 16, 2020) (Denying compassionate release in part because the defendant did not show that the allegedly incapacitated person was "the *sole* caregiver of [his] children."); *United States v. Palmer*, 2020 WL 3440652, at *3 (N.D. Tex. June 23, 2020) (same). Here, Tucker has not provided any such evidence and has therefore failed to demonstrate that his family circumstances constitute extraordinary and compelling reasons for his release. *See generally* Doc. 3455, Def.'s Mot.[6]

Tucker's assertion that his medical conditions warrant compassionate release fails for the same reason. Tucker alleges that he suffers from hypertension, as well as "extreme anxiety, stress, and fear of infection[.]" Doc. 3455, Def.'s Mot. 6, 16. Assuming *arguendo* that these conditions would warrant compassionate release, Tucker does not provide medical records or evidence of the existence of these conditions, *see generally id.*, and has thus failed to demonstrate extraordinary and compelling circumstances. *See United States v. Moreno*, 2021 WL 389829, at *3 (N.D. Tex. Feb. 4, 2021) (alleged medical conditions did not "rise to the level of extraordinary and compelling" when there

---

[6] The warden appears to have denied Tucker's request for compassionate release on the same basis, stating that Tucker failed to provide documentation that his "children are in need of a caregiver." Doc. 3455, Def.'s Mot., 34.

were "no medical records to substantiate any of the conditions" alleged); *United States v. Isidaehomen*, 2020 WL 5801411, at *3 (N.D. Tex. Sept. 29, 2020) (same). Even if he had provided such evidence, however, he has not shown that these conditions "substantially diminish[ his] ability . . . to provide self-care within" Seagoville FCI. *See* § 1B1.13(1)(A) cmt. n.1. Therefore, Tucker fails to demonstrate that his medical conditions constitute extraordinary and compelling circumstances warranting his release. Accordingly, the Court **DENIES** his motion for compassionate release **WITHOUT PREJUDICE**.

C.   *The Section 3553(a) Factors Weigh Against Release.*

Finally, even if Tucker demonstrated extraordinary and compelling reasons warranting his release, the Court must consider the sentencing factors set forth in § 3553(a) to the extent they are applicable. *See* § 3582(c)(1)(A). And the Court is not persuaded that these factors support Tucker's request.

Section 3553(a) requires the Court to consider, among other things, whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A). Tucker pleaded guilty to possession of a controlled substance with intent to distribute and aiding and abetting. Doc. 2929, J., 1. In Tucker's case, the Court found 180 months of imprisonment appropriate to serve the goals of § 3553(a). Doc. 2929, J., 2. With a statutory release date of August 18, 2028, approximately fifty percent of Tucker's sentence remains to be served. In this case, compassionate release would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense[.]" § 3553(a)(2)(A); *see also United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (noting that compassionate release is generally granted only "for defendants who had already served the lion's

share of their sentences"). A § 3553(a) analysis thus weighs against Tucker's release. This is an independent justification for denying his motion.

## IV.

## CONCLUSION

Tucker's request for compassionate release fails because he has not demonstrated extraordinary and compelling reasons for compassionate release and the § 3553(a) factors weigh against his release. For those reasons, the Court **DENIES** Tucker's motion (Doc. 3455) **WITHOUT PREJUDICE**.

By denying Tucker's motion without prejudice, the Court permits Tucker to file a subsequent motion for compassionate release in the event he demonstrates a change in circumstances rising to the level of extraordinary and compelling, satisfies the exhaustion requirement with respect to those circumstances, and shows that the § 3553(a) factors support his release.

SO ORDERED.

SIGNED: March 15, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE